# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| NICHOLE DAVIS,<br><br>        Plaintiff,<br><br>v.<br><br>AREA SUBSTANCE ABUSE COUNCIL, INC. and SAMANTHA ROGERS,<br><br>        Defendants. | FEDERAL CASE NO. 1:20-cv-8<br>STATE CASE NO. LACV094474<br><br>**ANSWER TO PETITION** |

Defendants Area Substance Abuse Council, Inc. ("ASAC") and Samantha Rogers ("Rogers") (collectively "Defendants") hereby answer Plaintiff Nichole Davis's complaint and state as follows:

## INTRODUCTION

1. At all times pertinent herein the Plaintiff, Nichole Davis, (hereinafter referred to as "Davis") was and is an individual and resident of Linn County, Iowa.

**ANSWER:** **Defendants admit the allegations of paragraph 1.**

2. At all times pertinent herein the Defendant, Area Substance Abuse Council, Inc., (hereinafter "Area Substance Abuse") was a legal entity with its home offices in Cedar Rapids, Iowa operating under the laws of the State of Iowa.

**ANSWER:** **Defendants admit the allegations of paragraph 2.**

3. Upon Information and belief, Defendant Samantha Rogers (hereinafter referred to as "Rogers"), was at all times material hereto, an Employee of Area Substance Abuse and a resident of Iowa.

1

**ANSWER:** **Defendants deny the allegations of paragraph 3 and affirmatively state that Samantha Rogers was and is an HR consultant employed through the Skywalk Group.**

4. Venue is appropriate because the actions complained about occurred through the employer located in Linn County, Iowa.

**ANSWER:** **Defendants do not answer paragraph 4 as it is a statement of law rather than fact.**

5. Plaintiff's case with the Iowa Civil Rights Commission (ICRC) was administratively closed and a right-to-sue letter from the ICRC was received on September 11, 2019.

**ANSWER:** **Defendants admit the allegations of paragraph 5.**

6. Relief in this case is sought against the Defendants in their individual, personal and official capacity.

**ANSWER:** **Defendants do not answer paragraph 6 as it is a statement of law rather than fact.**

## FACTUAL BACKGROUND

7. Plaintiff reincorporates paragraphs 1–6 and 32–66 as if pled herein.

**ANSWER:** **Defendants replead their answers to paragraphs 1 through 6 as if fully set forth herein.**

8. Plaintiff Davis began her employment with Area Substance Abuse in August of 2015 as a care coordinator.

**ANSWER:** **Defendants admit the allegations of paragraph 8.**

9. In May of 2017, Plaintiff became a Residential Counselor for Area Substance Abuse.

**ANSWER: Defendants admit the allegations of paragraph 9.**

10. Defendant Samantha Rogers was the Human Resources Consultant during Plaintiff's employment with Area Substance Abuse.

**ANSWER: Defendants admit the allegations of paragraph 10.**

11. Plaintiff properly notified Defendant Rogers on June 15, 2018 of her pregnancy.

**ANSWER: Defendants admit they were notified of Plaintiff's pregnancy in June 2018. Any remaining allegations are denied.**

12. Plaintiff was pre-approved for FMLA through November 29, 2018 and was also approved for Intermittent FMLA.

**ANSWER: Defendants admit that as of July 23, 2018, Plaintiff was approved for leave from October 17, 2018 to November 29, 2018. Plaintiff was permitted 1–2 hours for office visits from March 5, 2018 to the estimated delivery date as a scheduling accommodation. Defendants further state that in August 2018 Plaintiff was approved for 12 full weeks of FMLA from August 6, 2018 through October 29, 2018.**

13. Plaintiff's due date for her pregnancy was October 17, 2018.

**ANSWER: Defendants admit the allegations of paragraph 13.**

14. Plaintiff was having early complications with her pregnancy including being diagnosed with Supraventricular tachycardia (SVT).

**ANSWER: Defendants deny the allegations of paragraph 14 for lack of information.**

15. Plaintiff's diagnosis made her extremely sick and caused weakness, numbing, and drowsiness.

**ANSWER: Defendants deny the allegations of paragraph 15 for lack of information.**

16. Due to Plaintiff's early complications, she used her intermittent FMLA for doctors' appointments.

**ANSWER: Defendants admit Plaintiff took time off prior to her estimated delivery date, but deny the remaining allegations of paragraph 16 due to lack of knowledge.**

17. Plaintiff notified Defendant Rogers of this condition, of being out of work earlier than expected, and notified her that her FMLA would expire on October 29, 2018.

**ANSWER: Defendants admit that Plaintiff was told her FMLA leave would expire on October 29, 2018. The remaining allegations of paragraph 17 are denied.**

18. Plaintiff requested accommodations to less hours and a smaller case load from Defendant Rogers but was denied.

**ANSWER: Defendants deny the allegations of paragraph 18.**

19. Defendant Rogers failed to accommodate Plaintiff's restrictions by denying her the opportunity to work less hours and have a smaller case load.

**ANSWER: Defendants deny the allegations of paragraph 19.**

20. In September 2018 Plaintiff developed preeclampsia and was required to have an emergency caesarean section (C-section).

**ANSWER: Defendants deny the allegations of paragraph 20 for lack of information.**

21. The emergency C-section required Plaintiff to be off work for the following eight weeks to recover before her doctor would clear her for work.

**ANSWER: Defendants deny the allegations of paragraph 21 for lack of information.**

22. On October 24, 2018 Plaintiff met with her doctor regarding returning to work.

**ANSWER: Defendants deny the allegations of paragraph 22 for lack of information.**

23. The doctor was unable to provide Plaintiff with a work release on October 24, 2018.

**ANSWER: Defendants deny the allegations of paragraph 23 for lack of information.**

24. Plaintiff emailed Defendant Area Substance Abuse on October 26, 2018 asking if a Doctor's note stating she is not to work until approved to return is sufficient.

**ANSWER: Defendants admit Plaintiff emailed a Human Resources Generalist at ASAC to discuss the details of her return. Defendants deny the remaining allegations of paragraph 24.**

25. Defendants notified Plaintiff she would need a Doctor's note releasing her to return to work by October 30, 2018 or they would terminate her.

**ANSWER: Defendants admit they required Plaintiff to return to work at the end of her FMLA leave without work restrictions. Defendants deny the remaining allegations of paragraph 25.**

26. Plaintiff's doctor wrote a letter outlining the complications of Plaintiff's pregnancy and informing Plaintiff would be allowed to return to work on November 9, 2018.

**ANSWER:** **Defendants admit they received an updated physician statement from Dr. Sunny Zhang indicating Plaintiff would need to be excused from work from August 6, 2018 to October 18, 2018. The remaining allegations are denied.**

27. Plaintiff was terminated on October 29, 2018 by Defendant Rogers.

**ANSWER:** **Defendants admit Plaintiff was terminated on October 29, 2018.**

28. Defendants failed to accommodate Plaintiff's restrictions by denying her the opportunity to work less hours and have a smaller case load.

**ANSWER:** **Defendants deny the allegation of paragraph 28.**

29. Instead, Defendants terminated Plaintiff on October 29, 2018 due to her pregnancy and medical restrictions.

**ANSWER:** **Defendants admit Plaintiff was terminated, but deny the remaining allegations of paragraph 29.**

30. Defendants retaliated against Plaintiff for requesting accommodations and leave for her pregnancy.

**ANSWER:** **Defendants deny the allegations of paragraph 30.**

31. Defendants would not have terminated Plaintiff if she was not pregnant.

**ANSWER:** **Defendants deny the allegations of paragraph 31.**

WHEREFORE, Defendants Area Substance Abuse Council, Inc. and Samantha Rogers respectfully request that Plaintiff's Petition be dismissed at Plaintiff's cost and for such other relief as the Court deems just.

### COUNT I – HOSTILE WORK ENVIRONMENT – GENDER (IOWA CODE 216)

32. Plaintiff re-pleads and incorporates Paragraphs 1–31 and 40–66 [sic] as if pled herein.

6

**ANSWER:** **Defendants replead their answers to paragraphs 1 through 31 and 40 through 66 as if fully set forth herein.**

33. The Defendants Area Substance Abuse and Rogers in this case created a hostile work environment for Davis based on Plaintiff's gender.

**ANSWER:** **Defendants deny the allegations of paragraph 33.**

34. Plaintiff is a female.

**ANSWER:** **Defendants admit the allegations of paragraph 34.**

35. The hostile work environment consisted of other such facts as the evidence will show.

**ANSWER:** **Defendants cannot answer paragraph 35 as it is unclear what is meant. To the extent an answer is required, Defendants deny the allegations of paragraph 35.**

36. Defendants Area Substance Abuse and Rogers's actions violated Iowa Code Chapter 216.

**ANSWER:** **Defendants deny the allegations of paragraph 36.**

37. Defendants actions were the cause of Plaintiff's damages.

**ANSWER:** **Defendants deny the allegations of paragraph 37.**

38. Plaintiff suffered damages as a result of the aforementioned hostile work environment.

**ANSWER:** **Defendants deny the allegations of paragraph 38.**

39. Plaintiff has suffered the damages of loss of past and future wages, benefits and other expenses, damages to reputation, pain and suffering and has incurred attorney fees and expenses and such other proximate damages as are shown by the evidence.

7

**ANSWER:** Defendants deny the allegations of paragraph 39.

WHEREFORE, Defendants Area Substance Abuse Council, Inc. and Samantha Rogers respectfully request that Plaintiff's Petition be dismissed at Plaintiff's cost and for such other relief as the Court deems just.

### COUNT II – HOSTILE WORK ENVIRONMENT – DISABILTY (IOWA CODE CHAPTER 216)

40. Plaintiff repleads and incorporates Paragraphs 1–39 and 47–66 [sic] as if pled here.

**ANSWER:** Defendants replead their answers to paragraphs 1 through 39 and 47 through 66 as if fully set forth herein.

41. The Defendants in this case created a hostile work environment for the Plaintiff based on Plaintiff's real or perceived disability.

**ANSWER:** Defendants deny the allegations of paragraph 41.

42. The Plaintiff is disabled or perceived disabled.

**ANSWER:** Defendants deny the allegations of paragraph 42.

43. Defendants' actions violated Iowa Code Chapter 216.

**ANSWER:** Defendants deny the allegations of paragraph 43.

44. Defendants' actions were the cause of Plaintiff's damages.

**ANSWER:** Defendants deny the allegations of paragraph 44.

45. Plaintiff was terminated due to her disability or perceived disability.

**ANSWER:** Defendants deny the allegations of paragraph 45.

46. Plaintiff has suffered the damages of loss of past and future wages, benefits and other expenses, damages to reputation, pain and suffering and has incurred attorney fees and expenses and such other proximate damages as are shown by the evidence.

**ANSWER: Defendants deny the allegations of paragraph 46.**

WHEREFORE, Defendants Area Substance Abuse Council, Inc. and Samantha Rogers respectfully request that Plaintiff's Petition be dismissed at Plaintiff's cost and for such other relief as the Court deems just.

## COUNT II [SIC] – RETALIATION
## (IOWA CODE CHAPTER 216)

47. Plaintiff repleads paragraphs 1–46 and 53–66 [sic] as if pled here.

**ANSWER: Defendants replead their answers to paragraphs 1 through 46 and 53 and 66 as if fully set forth herein.**

48. Plaintiff properly notified the Defendants of her disability and requested reasonable accommodations.

**ANSWER: Defendants deny the allegations of paragraph 48.**

49. After her request, Plaintiff's was denied accommodations and treated worse by Defendants.

**ANSWER: Defendants deny the allegations of paragraph 49.**

50. Plaintiff was terminated because of her request for accommodations and complaints.

**ANSWER: Defendants deny the allegations of paragraph 50.**

51. Plaintiff has suffered damages as a result of Defendants' actions.

**ANSWER: Defendants deny the allegations of paragraph 51.**

52. Plaintiff has suffered proximate damages in an amount sufficient to cause jurisdiction to exist in this Court.

**ANSWER: Defendants deny the allegations of paragraph 52.**

WHEREFORE, Defendants Area Substance Abuse Council, Inc. and Samantha Rogers respectfully request that Plaintiff's Petition be dismissed at Plaintiff's cost and for such other relief as the Court deems just.

## COUNT IV – FAILURE TO ACCOMMODATE
### (IOWA CODE CHAPTER 216)

53. Plaintiff repleads and incorporates Paragraphs 1–52 and 62–66 as if pled here.

**ANSWER: Defendants replead their answers to paragraphs 1 through 52 and 62 through 66 as if fully set forth herein.**

54. Plaintiff is disabled and/or the Defendants perceived Plaintiff as disabled.

**ANSWER: Defendants deny the allegations of paragraph 54.**

55. The Defendants failed to accommodate Plaintiff.

**ANSWER: Defendants deny the allegations of paragraph 55.**

56. Defendant Area Substance Abuse and Rogers were the proximate cause of damages to the Plaintiff.

**ANSWER: Defendants deny the allegations of paragraph 56.**

57. Plaintiff suffered damages as a result of the aforementioned failure to accommodate.

**ANSWER: Defendants deny the allegations of paragraph 57.**

58. These actions are in violation of Iowa Code Chapter 216, by treating Plaintiff differently on the basis of her disability.

**ANSWER: Defendants deny the allegations of paragraph 58.**

59. The Defendants took adverse employment actions against the Plaintiff due to her disability, including termination.

**ANSWER:  Defendants deny the allegations of paragraph 59.**

60. Defendants' actions were the cause of Plaintiff's damages.

**ANSWER:  Defendants deny the allegations of paragraph 60.**

61. Plaintiff has suffered the damages of loss of past and future wages, benefits and other expenses, damages to reputation, pain and suffering and has incurred attorney fees and expenses and such other proximate damages as are shown by the evidence.

**ANSWER:  Defendants deny the allegations of paragraph 61.**

WHEREFORE, Defendants Area Substance Abuse Council, Inc. and Samantha Rogers respectfully request that Plaintiff's Petition be dismissed at Plaintiff's cost and for such other relief as the Court deems just.

### COUNT V: VIOLATION OF RIGHTS
### UNDER FAMILY MEDICAL LEAVE ACT

62. Plaintiff repleads and incorporates Paragraphs 1-61 as if pled here.

**ANSWER:  Defendants replead their answers to paragraphs 1 through 61 as if fully set forth herein.**

63. The Defendant's actions in terminating the Plaintiff were on the basis of gender and in violation of Plaintiff's substantial rights under the Family Medical Leave Act, 29 U.S.C. §2601 et. seq.

**ANSWER:  Defendants deny the allegations of paragraph 63.**

64. The Defendants actions were both in violation of the Family Medical Leave Act and in retaliation for the Plaintiff exercising her rights pursuant to the Family Medical Leave Act.

**ANSWER: Defendants deny the allegations of paragraph 64.**

65. As a proximate cause of the defendant's actions, plaintiff has suffered general and special damages including past and continuing lost wages and benefits.

**ANSWER: Defendants deny the allegations of paragraph 65.**

66. The actions of the Defendant were willful and wanton which warrant an award of punitive and/or liquidated damages.

**ANSWER: Defendants deny the allegations of paragraph 66.**

WHEREFORE, Defendants Area Substance Abuse Council, Inc. and Samantha Rogers respectfully request that Plaintiff's Petition be dismissed at Plaintiff's cost and for such other relief as the Court deems just.

## AFFIRMATIVE DEFENSES

1. Plaintiff's damages, if any, are barred or limited to the extent she has failed to mitigate her damages.

2. Plaintiff's claims are barred to the extent that the allegations contained in the Petition go beyond the allegations contained in Plaintiff's charge of discrimination.

3. Defendants reserve the right to amend their pleadings to assert any additional defenses that may become apparent during the course of this lawsuit, including affirmative defenses set forth in Rule 8(c) of the Federal Rules of Civil Procedure.

4. The evidence may show that Plaintiff's damages and harm, if any, are the result of Plaintiff's own conduct, choices, and behavior.

5. The evidence will show that Plaintiff exhausted her FMLA leave entitlement and that it was an undue hardship for her employer to sustain her employment for an extended leave period.

## JURY DEMAND

Defendants Area Substance Abuse Council, Inc. and Samantha Rogers requests a trial by jury on all issues so triable.

Respectfully submitted,

*/s/ Megan R. Merritt*
MARK P. HUDSON    AT0003691
MEGAN R. MERRITT    AT0010635
    for
SHUTTLEWORTH & INGERSOLL, P.L.C.
500 US Bank Bldg., P.O. Box 2107
Cedar Rapids, IA 52406
PHONE:    (319) 365-9461
FAX:    (319) 365-8564
E-mail:  mph@shuttleworthlaw.com
    mrm@shuttleworthlaw.com

*ATTORNEYS FOR DEFENDANTS*

**CERTIFICATE OF SERVICE**

   I hereby certify that on January 24, 2020 I electronically filed the foregoing with the Clerk of Court, using the ECF system, which will send notification of such filing to the following:

Amanda M. Bartusek, Esq.
Bruce H. Stoltze, Jr., Esq.
STOLTZE & STOLTZE, PLC
300 Walnut Street, Ste 260
Des Moines, IA 50309
Phone: (515) 244-1473
Email: amanda.bartusek@stoltzelaw.com
    bj.stoltze@stoltzelaw.com
ATTORNEYS FOR PLAINTIFF

               */s/ Megan R. Merritt*
               Megan R. Merritt